**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4619**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JOSE LUIS MIRAMONTES-BANDA,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Leonie M. Brinkema, District Judge.  (1:08-cr-00006-LMB-2)

Submitted:  May 1, 2009                Decided:  June 11, 2009

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard E. Gardiner, Fairfax, Virginia, for Appellant.  Dana J. Boente, Acting United States Attorney, Benjamin L. Hatch, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Jose Luis Miramontes-Banda of conspiring to transport illegal aliens (Count 1), in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(I) (2006), and transporting illegal aliens knowing and in reckless disregard of the fact that such aliens had come to, entered, and remained in the United States illegally (Count 2), in violation of § 1324(a)(1)(A)(ii). Miramontes-Banda appeals his conviction, challenging the district court's jury instruction on the meaning of the phrase "reckless disregard." Finding no reversible error, we affirm.

We review for an abuse of discretion "[t]he decision to give or not to give a jury instruction." United States v. Allen, 491 F.3d 178, 186 (4th Cir. 2007) (internal quotation marks and citation omitted); see United States v. Silveus, 542 F.3d 993, 1002 (3d Cir. 2008) (setting forth elements of offense). In reviewing the jury instructions, this court "consider[s] whether taken as a whole and in the context of the entire charge, the instructions accurately and fairly state the controlling law." Allen, 491 F.3d at 187 (internal quotation marks and citation omitted). The district court's refusal to grant a requested jury instruction is reversible error only if the proffered instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and

2

(3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Hurwitz, 459 F.3d 463, 477-78 (4th Cir. 2006) (internal quotation marks and citation omitted).

With these standards in mind, we have carefully reviewed the record on appeal. We conclude that the district court's instruction fairly and accurately stated the law. Thus, we find no abuse of discretion in the court's instruction on reckless disregard.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED